**ZIER, Plaintiff-Appellant, v BUREAU OF UNEMPLOYMENT COMPENSATION, etc., Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20983.  Decided May 3, 1948.

412

Sindell & Sindell, Cleveland, for plaintiff-appellant.
R. E. McMonagle, Cleveland, for defendant-appellee.

## OPINION

By MORGAN, J.

The plaintiff appellant is a claimant for unemployment compensation. The common pleas court dismissed the appeal of the plaintiff for the reason that The Thompson Aircraft Products Company for whom the plaintiff worked was not made a party defendant or appellee in the common pleas court and received no notice of the appeal.

The plaintiff was employed as a grinder by the Thompson Aircraft Products Company from April 14, 1942 to August 14, 1945 when he was let out. There was an initial determination for claimant, holding:

"The original claim for benefits is therefore valid."

The weekly benefit was fixed at $21.00 and the potential minimum benefits payable at $462.00.

On November 23, 1945, the Bureau of Unemployment Compensation determined that the claimant "refused work for which he was reasonably fitted at The Republic Steel Corporation. Benefit rights of claimant are suspended as of October 17, 1945." On March 8, 1946, the Secretary of the Board of Review sent a notice to both employer and employee that a hearing on the appeal of claimant from the decision of the Administrator would be held on March 25, 1946, at the hearing room, Seneca Bldg. Cleveland, Ohio. The Board of Review made a decision that "claimant refused to accept an offer

to work for which he is reasonably fitted and * * * is ineligible for benefits. The decision of the administrator dated November 23, 1945, upon the initial determination of continued claim, is hereby affirmed."

On Apr. 29, 1946, both the employer and the employee were notified that the claimant had filed an application for leave to file a further appeal before the Board of Review. On Aug. 19, 1946, the claimant was notified that "claimant's application to institute a further appeal should be and the same is hereby disallowed." This was signed by the three members of the Board of Review and by Amos I. Garrison, secretary. The claimant then filed a notice of appeal in the common pleas court as follows:

"The undersigned claimant hereby gives notice of appeal from the decision of the Board of Review denying to right to compensation, in accordance with his right to appeal under §1346-4 GC.

(signed) Edward G. Zier

To the Clerk of common pleas court of Cuyahoga County: This is to certify that the above notice of appeal has been forwarded to the Ohio Bureau of Unemployment Compensation, 427 Cleveland Ave. Columbus, Ohio, by mailing same by registered mail this 3rd day of Sept. 1946.

(signed) Edward G. Zier."

Later the common pleas court made the following entry:

"This action is dismissed for want of service and lack of jurisdiction."

From this entry the claimant appealed to this court.

The appeal by an "interested party" from a decision of the Board of Review is controlled by the last paragraph of §1346-4 GC. The pertinent part of this section is as follows:

"Any interested party as defined in the Unemployment Compensation act, may within thirty days after notice of the decision of the board was mailed to the last known post office address of all interested parties, appeal from the decision of the board of review * * * to the court of common pleas of the county wherein the appellant if an employee, is resident,

or was last employed, or of the county wherein appellant, if an employer, is resident or has his principal place of business in Ohio * * *. Such appeal shall be taken by the filing by appellant of a notice of appeal with the clerk of such court and with the board of review. Such notice of appeal shall set forth the decision appealed from and the errors therein complained of. Proof of the filing of such notice with the board of review shall be filed with the clerk of such court. All other interested parties before the board of review or the referee shall be made appellees. The appellant shall serve notice of the appeal upon all appellees by registered mail or actual delivery to his last known post office address unless such notice is waived. The board upon written demand filed by an appellant shall within thirty days after the filing of such demand, file with the clerk of such court a certified transcript of the record of the proceedings pertaining to the decision complained of and the evidence considered by the board or the referee, or both, in making such decision and the appeal shall be heard upon such transcript and the evidence certified by the board of review. Such transcript and evidence upon being filed with the clerk of the courts shall become and be a part of the record in the case without being included in a bill of exceptions. After an appeal has been filed in the common pleas court, the board of review may, by petition, be made a party to such appeal. * * *."

In this case the claimant filed his notice of appeal with the clerk of the common pleas court and notified the bureau of unemployment compensation of the appeal. The board filed with the clerk of such court a certified transcript of the record of the proceedings and the evidence considered by the board. The appellant did not make The Thompson Aircraft Products Company a party and did not serve notice of the appeal upon such corporation.

The question to be decided is:—Is this last requirement jurisdictional as to the filing of the appeal and did the failure to comply with it justify the common pleas court in dismissing the appeal?

In the brief filed by the attorney general in this case it is stated:

"At least twelve, if not more, common pleas courts over the state have sustained similar motions in like cases."

The holding of this requirement to be jurisdictional means

that in those twelve or more cases the appellant failed, not upon the merits, but by reason of a technicality. We do not find any decision by another court of appeals requiring such a narrow construction of the statute.

Throughout the act it is recognized that the claimants under the Act will be employees, many of whom will not be represented by counsel. In the notices sent to claimant it was stated that in the preparation of any papers "your local office will give you any assistance necessary." All notices to the employer were sent by the bureau. In other words, there is a minimum of technical requirements to be met by claimant and he is to receive every assistance in the preparation and progress of the claim.

Likewise in the appeal to the common pleas court the absence of technical requirements is manifest. It is not necessary for claimant to file a bill of exceptions inasmuch as the statutes provide that the transcript and evidence as certified by the board of review shall be considered by the court; and as stated, such evidence and transcript were filed with the court before the case was dismissed.

In the appeal to the common pleas court the claimant has filed his notice of appeal with the clerk of the court and has notified the Bureau. It is our position that when this is done the appeal has been made. Noncompliance with the requirement that the employer shall be made an appellee and served with notice of the appeal is not jurisdictional. To hold otherwise would be to set up a road-block in the statute contrary to its tenor and spirit which frequently denies to the ordinary claimant a right of appeal to the common pleas court which it is the purpose of the statute to give.

After the appeal has been lodged in common pleas court the court would not be in a position to proceed with the trial of the cause until the "interested parties" had been made appellees and notice served upon them. While the statute requires that "the appellant shall serve notice of the appeal upon all appellees by registered mail or actual delivery to his last known postoffice address unless such notice is waived" it is not stated or implied that such notice is a prerequisite to the filing of the appeal. No time for serving such notice is fixed in the statute but it should be served at least a reasonable time before the hearing of the appeal or at such time as the court may determine.

The employer in this case appeared at the hearing before the board of review. It is not claimed that the employer does not know that an appeal has been taken by the employee to the common pleas court.

It is the opinion of the court that the Unemployment Compensation Act should be liberally construed to accomplish the purposes thereof and one of the purposes is to give the claimant and any other "interested party" the right of appeal to the common pleas court, if not satisfied with the decision of the Board of Review. This right should not be defeated by a technical construction of the appeal statute.

The judgment is therefore reversed and the cause is remanded for further procedings according to law. Exceptions. Order See Journal.

HURD, PJ, SKEEL, J, concur.

SKEEL, J. (concurring)

I concur with the judgment for the reason that §1346-4 GC provides just how an appeal from the decision of the Board to the Common Pleas Court shall be taken. This section in part reads as follows:

"* * * Such appeal shall be taken by the filing by appellant of a notice of appeal with the Clerk of such Court and with the Board of Review * * *."

The time within which such notice must be given is provided for in a preceding part of the section, as within thirty days after notice of the decision of the Board.

What the notice shall contain is provided for in the next following sentence:

"* * * Such notice of appeal shall set forth the decision appealed from and the errors therein complained of * * *."

When one feeling aggrieved by a decision of the Board has filed notice as thus provided for, the court's jurisdiction has been invoked and the appeal perfected. All other provisions while mandatory upon the appellant are not jurisdictional.